PETITION for a re-hearing—
BY HAGGIN & LOUGHBOROUGH.
I deem it a duty to call the attention of this court to that part of their opinion which treats of the construction of the contract in suit.
This instrument is not very technical, and it is of the kind in which words of art are not indispensable. But it was penned by the obligor, under the inspection of a lawyer of reputation, on tbe part of tbe oblige.e. I know what was intended. And without pretending extraordinary skill, I could not suppose that any one acquainted with *14 the writer would expect from him, the language of this obligation, to express the intention the court ascribes to it. The expressions are surely very inappropriate for that purpose. Insomuch, that it is believed every ride of our language, of the science of the law on subjects of this kind, and the clear and obvious import and common understanding of terms, have opposed difficulties in the construction of the court. This writing is concise. Its terms unequivocal. First, a stipulation to purchase a house and lot of the value of $1000, for the obligee; secondly, a reservation of his own time by the obligor; and thirdly, a covenant to provide a dwelling fur the obligee until the purchase shall be made — three provisions, entirely consistent.
In the opinion delivered it is admitted, that but for the clause to rent, until the purchase should he made, that the obligor would have his life, in which to convey. Of this there can he no doubt. Yet that might he a case of great hardship, from which the court might, in the exerc.be of discrction, much desire to relieve the obligee. Yet the point is clear, and the court would be constrained. The parties may stipulate as they will, and the court of law is hound. Now what should he the effect of the stipulation to furnish a house oil rent for the plaintiff, until one should he purchased?— This certainly obviates the obje-'tion of hardship, and it affords to the obligee a full equivalent for the indulgence. But it contains no condition, no restriction, and in nothing impairs the reservation of time for the performance of the first stipulation— the purchase.
It is difficult to meet the views of the court on this subject. They refer to no case, or rule. They do not give us very clearly their reasons. But they say that the object of the plaintiff was to provide a house; it wras not very inatcrial to her how long she indulged, if she should he furnished with one on rent; hut that she did not intend to extend her indulgence any longer. Now, in fact, I say that the covenant, to furnish a house, was not violated. That the plaintiff, or her counsel, will not, in can- *15 ¿or, say it -was, and the computation of damages ^but from the commencement of suit, very clearly shews this. In the defence, however, this matter commanded no particular attention, because the defendant had been so ignorant as to believe, that any breach of the second stipulation would have no effect on the first.
If the obligee had made the contract alone.-, if her interest and views were alone to be consulted, and if the words of the writing would permit it, this would he very conclusive reasoning. But it should be also recollected, that the defendant had a voice in makj.ig this bargain ; that he had also rights involved; that the law permitted him to stipulate for time, and thus avoid the ruinous consequences incident to the instant coercion of a heavy demand; that he availed himself of this privilege, and reserved time al.solvlely and unconditionally.
The obligee was disposed to vest her claims to dowry, in a habitation. The defendant inclined to purchase, but without the means of present payment, and doubtful when it might be in his power to meet so large a demand. He, however, hoped he could discharge such sum annually, without essential injury, as Would provide a house for the accommodation of the plaintiff, until he could conveniently acquire the means of purchasing. The parties, therefore, thus contract. Is this unfair, .or even a case of hardship to the obligee? Even the opinion supposes, if the house had been furnished agreeably to expectation, all would have been well. Then whence the necessity for the exercise of ingenuity, to give the transaction a construction consistent with an honest intent. Surely the propriety of the contract depends upon its terms, and not up oil the subsequent ability of the party to fulfil it. I buy a piece of property upon time, say five or ten years, and as an equivalent for the indulgence, I covenant to pay the interest annually. Every lawyer and layman must give the same construction to the contract. If the interest be not paid, the law gives redress commensurate with the injury. A recovery may he bad for the interest; hut the principal cannot, *16 therefore be exacted till the period expressed for its payment has arrived. The case is precisely parallei. The conveyance of a house and lot is the principal, and the lease of one annually stands for the interest. True., as regards this particular transaction, we have had many a libel and much of censure. But we have supposed it imputable to the unlimited time secured for the purchase of the property, and the suppression Of the clause assessing the rent.— Surely it is not in the general true, that a breach of one stipulation in a covenant is equvalent to a breach of all. The contrary is the rule. Does this case form an exception to all others, or how is it to be classed? Something must have been perceived in it by the court like a condition — a clause of forfeitture — a penalty. This defendant is required to forfeit the time and indulgence which he expected, and held indispensable to his own affairs, and must meet the whole demand, because, as is said, he could not, or did not promptly pay the rent. All who read must see that time was important to him. Where are the terms subjecting him to consequences so harsh? For the law does not delight in penalties, and chancery redeems against them. The writings must, in this respect, be clear. I can find no clause, no terms, no word expressive of condition; none implying a penalty or forfeiture. The time, as secured in the first stipulation, remains untouched, unimpaired; and during its continuance the latter stipulation operates.
There is no necessity for this construction. It Seems to me there is not justice in it. Even on penal bonds with divers stipulations, no recovery can be had for instalments or covenants not due.
To pay interest or rent can be desirable tono man. Only stipulated on the present occasion because of the impracticability of the defendant’s specifying a time when he could conveniently satisfy the principal. The court admits that the plaintiff could complain of no hardship as long as the defendant supplied her with a house — then say he fails to do this. What is her damage? Just such sum as will, from time to time, rent her one, with costs &c. and that *17 sum may even be recovered upon the stipulation to furnish the house. But do you give the principal likewise? The plaintiff profits by a breach of the covenant. How is it with the defendant? Because he has failed to pay the incident, you subject him to the hardship, the loss, the sacrifices, consequent upon the coercion of the principal, although he foresaw and avowed his inability and his unwillingness to meet it. This thing is never done without clear and unequivocal provision. True, it may be ahardship to the plaintiff to sue, and to renew her action for recovery of the rents; the loss, however, even of this, falls ultimately and exclusively upon the defendant.
Haggin and Loughborough, for plaintiff; Crittenden, for defendant.
June 19.
The most unqualified conviction, that the writing in suit has received a construction unusual, contrary to the intent of the parties, and the rules and principles of law, induce a petition for a re-hearing.
The court overruled the petition, and the judgment stands unaltered.